LOTTINGER, Judge.
This matter is before us on a suspensive appeal taken by the defendant from a Judgment of the City Court of Baton Rouge, Louisiana, awarding the plaintiff damages *260 in the amount of $118.83 for property loss arising out of an automobile collision.
The petition alleges that on November 5, 1954, at approximately 8:30 A.M. the plaintiff was driving his 1954 Ford west on Kleinert Street in the City of Baton Rouge in the traffic lane nearest the north line of the neutral ground at a speed of 25 miles per hour. It is further set forth that when approximately 50 feet from the intersection of Kleinert and Drehr Streets, he signaled that he was preparing to make a right turn; that while still giving such signal and when about 20 feet from the northeast corner of Kleinert and Drehr Streets, he slowed down to about 15 miles per hour; and that when approximately 5 feet from the northeast corner of Kleinert and Drehr Streets, he began executing a right turn into Drehr Street when he was suddenly struck by a Ford truck driven by the defendant. Negligence is charged against the defendant in various respects, among which are attempting to pass on the wrong side, attempting to pass at an intersection and attempting to pass without sounding a warning.
The answer of defendant denies any negligence on his part and sets forth that immediately prior to the time of the accident, he was driving west on Kleinert Street on the right side thereof and to the right of the automobile driven by the plaintiff. It is set forth that the plaintiff suddenly and without any warning, turned to his right directly into the path of defendant’s truck. Alternatively, it is pleaded that the plaintiff should be barred recovery because of his own contributory negligence.
The record reveals that Kleinert Street is a boulevard with lanes for east and west bound traffic, has a width of approximately 18 feet and is seprated by a neutral ground from 12 to 14 feet in width. The plaintiff testified that just previous to the accident, he was proceeding in a westerly direction on Kleinert Street at a speed of about 20 to 25 miles per hour and that as he approached Drehr, he slowed down to between 10 and 15 miles per hour. He stated that as he approached the corner, he applied his brakes but did not think that he gave any other signal. He stated further that he looked into his rear view mirror and did not see any cars coming. According to the plaintiff, he could not make his turn from the right side of the street for the reason that there was a car parked in the right lane of traffic about 150 feet from the corner. He was first aware of the defendant’s presence when he heard him and turned and looked back of his right shoulder and saw him approaching from his right. His car was struck in the center of the right front door. In addition to stating that the parked car necessitated making the turn from the left lane of traffic, the plaintiff further, testified that one could not make a safe turn into Drehr from the right lane of traffic. His reason for stating this was that as one turned into Drehr from the right, that he would “ * * * swing over into the right hand lane of Drehr Avenue * * He did admit, however, that Drehr is between 38 and 40 feet in width and is an exceptionally wide street of the City of Baton Rouge.
Without going into unnecessary detail, we feel that even assuming that the charges of negligence against the defendant had been proved, that the plaintiff himself was guilty of contributory negligence. He admits not having given any signal indicating his desire to turn to the right, and, further, admits that even though he looked in the rear view mirror, he did not see the defendant approaching. Even if there was an automobile parked in the right lane of traffic, it was, by the plaintiff’s own testimony, some 150 feet from the corner and there was obviously no reason why the plajntiff could not have passed this vehicle, proceeded in the right lane of traffic and made his turn from the right-hand as he was legally required to do. See LSA-R.S. 32:235(B). .It is clear that had the plaintiff made his turn from the right and given proper indication of his intention so to do, that the accident would not have occurred.
Having concluded that the plaintiff was guilty of contributory negligence, it necessarily follows that the judgment appealed from must be reversed.
*261 For the reasons assigned, the judgment of the City Court is reversed and plaintiff’s suit dismissed at his costs.
Judgment reversed.